# EXHIBIT A
## (REDACTED)

# <u>SETTLEMENT AGREEMENT</u>

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement" or "Settlement") is made and entered into on March 26, 2021, by and between: Lucia Binotti ("Professor Binotti", "Named Plaintiff", or "Class Representative") on behalf of herself individually and the class of individuals she represents for purposes of this Settlement, and Duke University and its affiliates (collectively "Duke" or "Duke University") (together, the "Parties).

**WHEREAS**, Professor Binotti is the proposed Class Representative for the alleged Class ("Class") in the action captioned *Binotti v. Duke University*, Case No. 20-CV-00470 CCE, in the United States District Court for the Middle District of North Carolina;

**WHEREAS**, on May 27, 2020, Professor Binotti filed a Complaint (Dkt. 1) that alleges that the University of North Carolina at Chapel Hill ("UNC-CH") and Duke agreed that Duke and UNC would not compete for each other's faculty in violation of federal and state antitrust laws;

**WHEREAS**, the Complaint further alleges, among other things, that, as a result of the agreement, Professor Binotti and the Class suffered monetary damages;

**WHEREAS**, Professor Binotti and Duke have engaged in substantial arm's-length negotiations in an effort to resolve all claims that have been, or could have been, asserted in the Action, including through confidential mediation discussions with Jonathan Harkavy, which negotiations resulted in this Settlement Agreement;

**WHEREAS**, Duke has denied and continues to deny that it engaged in any wrongdoing of any kind, or that it violated or breached any law, regulation, or duty owed to the Class, and it further denies that it has liability as a result of any and all allegations made in the Complaint or as part of the Action;

**WHEREAS**, based on their analysis of the merits of the claims and the benefits provided to the Class by the Settlement Agreement, including an evaluation of a number of factors including the substantial risks of continued litigation and the possibility that the litigation if not settled now might not result in any recovery whatsoever for the Class or might result in a recovery that is less favorable to the Class, Professor Binotti and Class Counsel believe that it is in the interest of all members of the Class to resolve finally and completely their claims against Duke and that the terms of the Settlement Agreement are in the best interests of the Class and are fair, reasonable, and adequate; and

**NOW, THEREFORE**, in consideration of the promises, agreements, covenants, representations, and warranties set forth herein, and other good and valuable consideration provided for herein, the Parties agree to a full, final, and complete settlement of the Action on the following terms and conditions:

## I.     GENERAL TERMS OF THE SETTLEMENT AGREEMENT

### A.     Definitions

In addition to terms identified and defined elsewhere in this Settlement Agreement, and as used herein, the terms below shall have the following meanings:

1.      "Action" means the lawsuit captioned *Binotti v. Duke University*, Case No. 20-CV-00470-CCE, in the United States District Court for the Middle District of North Carolina.

2.      "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees, costs, and litigation expenses, as described in Section VII.A herein, which amounts are to be paid solely from the Settlement Fund.

2

3.     "Class" means "All natural persons employed by Duke University or the University of North Carolina, Chapel Hill from October 1, 2001 through February 5, 2018 as a faculty member.  Excluded from the Class are: members of the boards of directors and boards of trustees, boards of governors, senior administrators of Duke and UNC, and faculty with academic appointments with the School of Medicine; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation."

4.     "Class Counsel" means the law firms of Lieff Cabraser Heimann & Bernstein, LLP, Elliot Morgan Parsonage, P.A., and Edelstein & Payne.

5.     "Class Member" means any person who meets the "Class" definition above and who has not timely and properly opted out of the Settlement.

6.     "Complaint" means the Complaint filed in the Action on May 27, 2020 (Dkt. 1).

7.     "Court" means the United States District Court for the Middle District of North Carolina.

8.     "Duke University" means Duke University, a North Carolina nonprofit corporation that is a private, coeducational institution located primarily in Durham, North Carolina, and its affiliates, including Duke University Health System.

9.     "Effective Date" has the meaning specified in Section II.G, *infra*.

10.     "Escrow Agent" means Citibank, N.A., which, assuming it agrees to do so, shall enter into an Escrow Agreement to carry out the tasks more fully detailed in that agreement, including to receive, hold, invest, and disburse the Settlement Fund, subject to

the direction of the Notice Administrator. The Parties may replace Citibank, N.A. with another mutually agreeable financial institution.

11.     "Final Approval" means the order of the Court granting final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

12.     "Final Approval Hearing" or "Fairness Hearing" means the hearing at which the Court will consider Professor Binotti's motion for judgment and final approval of the Settlement.

13.     "Named Plaintiff" and "Class Representative" mean Professor Binotti.

14.     "Notice" means the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, attached as Exhibit A, which is to be mailed and emailed directly to Class Members.

15.     "Notice Administrator" means the entity which has been designated to provide notice to the Class and administer the Settlement Fund pursuant to Section II.A below and by order of the Court.

16.     "Order and Final Judgment of Dismissal" means the Order which shall be submitted to the Court as described in Section II.E herein and entered by the Court as described in Section II.F herein.

17.     "Plaintiffs" means the Named Plaintiff and the Class, collectively.

18.     "Plan of Allocation" means the formula by which the Settlement Fund shall be distributed to Class Members as well as the timing and other aspects of the distribution, attached as Exhibit B.

19.     "Plan of Notice" means the plan for distributing the Notice to Class Members.

4

20.     "Preliminary Approval" means the Court's Order preliminarily approving the Settlement, the Plan of Notice, the form of Notice, the Plan of Allocation, and other related matters.

21.     "Protective Order" means the Stipulated Protective Order and Supplemental Protective Order entered in the Action (Dkts. 34 & 35).

22.     "Released Claims" has the meaning specified in Section V *infra*.

23.     "Duke Releasees" has the meaning specified in Section V *infra*.

24.     "Releasor" has the meaning specified in Section V *infra*.

25.     "Relevant Personnel" shall have the meaning set forth in Section III.B.2 of this Agreement.

26.     "Settlement," "Agreement," and "Settlement Agreement" each mean the instant settlement terms agreed to by the Parties as reflected in this Settlement Agreement and attachments hereto.

27.     "Defendant's Counsel" means the law firms of Covington & Burling LLP and Womble Bond Dickinson (US) LLP.

28.     "Settlement Payment" mean the sum of nineteen million dollars ($19,000,000) that Duke shall pay or cause to be paid as described in Section III.A to be held, invested, administered, and disbursed pursuant to this Settlement Agreement.

29.     "Settlement Fund" is the account set up by the Escrow Agent into which the Settlement Payment is paid.

5

### B. Best Efforts to Effectuate the Settlement

Professor Binotti and Duke agree to cooperate and work together in order to effectuate the Settlement, including after it has received Final Approval, as set forth in Section II.E.

## II. COURT APPROVAL OF SETTLEMENT AND CLASS NOTICE

### A. Retention of Notice Administrator

Class Counsel shall retain a reputable and experienced Notice Administrator, which shall be responsible for the notice administration process, calculation of payments to Class Members based on the Plan of Allocation approved by the Court, distributions to Class Members, withholding and paying applicable taxes, and other duties as provided herein. Class Counsel shall obtain approval by the Court of the choice of Notice Administrator. The Notice Administrator shall sign and be bound by the Protective Order entered in the Action. The fees and expenses of the Notice Administrator shall be paid exclusively out of the Settlement Fund. Prior to the Effective Date, expenses incurred by the Notice Administrator relating to this Settlement and approved by the Court shall be paid solely from the Settlement Fund, as set forth in Section III.A.4, upon invoice to Class Counsel. In no event shall Duke be separately responsible for fees or expenses of the Notice Administrator.

### B. Preliminary Approval and Notice of Settlement

1. Professor Binotti and the Class, by and through Class Counsel, shall file with the Court, promptly after the execution of this Settlement Agreement, a motion for Preliminary Approval of the Settlement, which shall include a motion for certification of a settlement class, a Proposed Preliminary Approval Order, a proposed Notice, and a Plan of Allocation.

6

2.      Duke shall have the right to review and comment on the motion for preliminary approval, and Class Counsel shall provide Duke five business days to conduct such review.  Class Counsel shall consider any such comments in good faith, and shall not unreasonably reject such comments.

3.      Duke shall provide timely notice of the motion for preliminary approval pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4.      Class Counsel shall propose, and Duke shall not oppose, that the Notice be disseminated by publication (through print, email, and/or online notices) or such other method using a methodology developed by the Notice Administrator.  The notice shall direct Class Members to a website to be administered by the Notice Administrator which shall provide additional information.  Duke shall have the right to review and comment on the content of the website, and Class Counsel shall provide Duke with reasonable time to conduct such review.  Class Counsel shall consider any such comments in good faith, and shall not unreasonably reject such comments.  Class Counsel shall be responsible for obtaining and submitting to the Court evidence sufficient to demonstrate the adequacy of the notice plan.

5.      In the event that the Court preliminarily approves the Settlement, within twenty-eight days Duke will provide the Notice Administrator an updated list of current or most-recently known names, addresses, and e-mail address information for all Class Members that are or were employed by Duke.  Class Counsel shall be responsible for seeking UNC's agreement to do the same.  Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Notice Administrator approved

by the Court to provide the Class with Notice as ordered by the Court. Class Counsel shall provide Duke with four business days notice before Notice is disseminated to the Class.

### C. <u>Certification of Settlement Class</u>

Professor Binotti, by and through Class Counsel, shall file with the Court a motion for certification of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3). Solely for purposes of the Settlement, the Parties stipulate and agree to (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Professor Binotti as Class Representative; and (c) appointment of Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Such stipulation and agreement shall not constitute any admission or acknowledgement by the Duke that certification of a class for trial or for any other purpose is appropriate.

### D. <u>Objections</u>

Unless the Court provides otherwise, objections to the Settlement, if any, must be submitted in writing, and must include a detailed description of the basis of the objection. Objections must be filed with the Court, with copies served on Class Counsel and Duke's Counsel, postmarked on or before a date certain to be specified on the Notice, which shall be thirty (30) days after the Notice was initially sent to Class Members. No one may appear at the Final Approval Hearing for the purpose of objecting to the Settlement without first having filed and served his or her objection(s) in writing postmarked on or before thirty (30) days after the Notice was sent to Class Members.

### E. <u>Opt-Out Period</u>

1. Class Members who are entitled, and wish, to opt out of the Class must complete and timely submit to the Notice Administrator a request for exclusion. To be

8

effective, such requests for exclusion must state the Class Member's full legal name and address, the approximate dates of his or her employment with either Duke or UNC, and include a statement that the Class Member wants to be excluded from the Settlement. All requests for exclusion must be signed and dated by the Class Member or his or her legal representative, and must be (1) mailed to the Notice Administrator via First Class United States Mail and postmarked by a date certain to be specified on the Notice, which shall be 30 calendar days after the Notice Administrator makes the initial mailing of the Notice or (2) received by the Notice Administrator by that date, provided, however, that if a Class Member mails the Opt-Out Statement pursuant to option (1), it shall be effective only if received by the Notice Administrator on or before 10 calendar days after the end of the Opt-Out Period. The end of the "Opt-Out Period" shall be 30 calendar days after the Notice Administrator makes the initial mailing. Within eleven calendar days after the end of the Opt-Out Period, the Notice Administrator shall provide to all counsel for the Parties all opt-out statements that are timely received and shall prepare a summary of the opt outs to be filed with the Court, which shall include the total number of Class Members who have opted out. Individuals who opt out are not entitled to any monetary award under the Settlement and cannot object to the Settlement.

2.      The Parties, Class Counsel, and Duke's Counsel shall not solicit or encourage any Class Member to opt out of the Class. Under no circumstances shall the Parties, Class Counsel, or Duke's Counsel solicit or encourage any Class Member to object to the Settlement.

9



4.      If Duke seeks to terminate the Settlement Agreement on the basis that the Threshold has been met, the Parties agree that any dispute as to whether the Threshold has been met will be resolved through the binding, non-appealable decision of Jonathan Harkavy (or, if he is unavailable, such other mutually agreeable person the parties select), notwithstanding that the Settlement Agreement will have been filed with and preliminarily approved by the Court.

5.      To exercise its option to terminate the Settlement Agreement Duke's counsel must provide Class Counsel with written notice no later than twenty eight (28) days prior to the Fairness Hearing. The Parties will use their best efforts to complete the

dispute resolution process pursuant to Paragraph 3 above at least seven (7) days before the Fairness Hearing.

6.      Except as provided in Paragraph 4 above, any dispute between the Plaintiff and Duke concerning the interpretation or application of this provision shall be presented to the Court for binding determination. The Parties shall request that any materials submitted in connection with such a dispute be filed with and maintained by the Court under seal.

### F.    <u>Final Approval</u>

1.      The Final Approval Hearing shall be noticed for no earlier than 100 days from the date of Preliminary Approval to allow Duke sufficient time to complete its obligations under the Class Action Fairness Act and also no earlier than 70 days from the date on which the Notice Administrator sent the Notice to Class Members.

2.      Prior to the Final Approval Hearing, on the date set by the Court, Professor Binotti, through Class Counsel, shall submit a motion for final approval by the Court of the Settlement and the entry of an Order of Final Judgment and Dismissal that:

a.      finds the Settlement and its terms to be fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b.      finds that the Notice given constitutes due, adequate and sufficient notice, and meets the requirements of due process and any applicable laws;

c.      provides for service payments from the Settlement Fund (as defined in Section VI herein) to Professor Binotti in addition to whatever monies she shall receive from the Settlement Fund pursuant to the Court-approved Plan of Allocation;

11

d.      provides for payment of Attorneys' Fees and Expenses from the Settlement Fund (as provided in Section VII.A herein);

e.      sets forth the method for allocating the Settlement Fund (set forth in the Plan of Allocation attached as Exhibit B);

f.      directs that the Action be dismissed with prejudice as against Duke, without costs to the Parties;

g.      approves the release of claims specified herein as binding and effective as to all Class Members and permanently bars and enjoins all Class Members from asserting any Released Claims (as defined in Section V herein);

h.      reserves exclusive and continuing jurisdiction over the Settlement, including the Settlement Fund (as defined in Section III.A herein) and the administration, enforcement, consummation, and interpretation of this Settlement Agreement; and

i.      directs that an Order and Final Judgment of Dismissal be entered as between the Parties in the Action.

3.      Duke shall have the right to review and comment on the motion for final approval, and Class Counsel shall provide Duke with five business days to conduct such review.  Class Counsel shall consider any such comments in good faith, and shall not unreasonably reject such comments.

4.      If so required by the Court in connection with approval of the Settlement, the Parties agree to accept non-material or procedural changes to this Settlement Agreement.  However, the Parties are not obligated to accept any changes in the Settlement Payment or any other substantive change to their respective obligations.

12

G.      **Effective Date of the Settlement**

The Settlement shall become final and effective upon the occurrence of all of the following ("Effective Date"):

1.      The Settlement has not been terminated and receives Final Approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

2.      As provided for in Section II.F herein, entry is made of the Order and Final Judgment of Dismissal; and

3.      Completion of any appeal(s) from the Court's Order and Final Judgment of Dismissal and/or Order Granting Final Approval of the Settlement (including any such order on remand from a decision of an appeals court, or at the time for any such appeals to have lapsed), provided, however, that no party shall cite any modification or reversal on appeal of any amount of the fees and expenses awarded by the Court from the Settlement Fund, or the amount of any service award to Professor Binotti, by itself as a reason to prevent this Settlement from becoming final and effective if all other aspects of the final judgment have been affirmed. If no appeal is filed from the Court's order finally approving the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the Effective Date shall be the date on which the time for any such appeal has lapsed.

III.    **CONSIDERATION FOR SETTLEMENT**

1.      Duke shall pay or cause to be paid the Settlement Payment into the Settlement Fund as consideration for the Settlement in accordance with the following paragraphs.

2.      The Settlement Payment reflects Duke's total obligation to the Class in connection with the Litigation and under this Settlement Agreement. For the avoidance of

13

doubt, the Settlement Payment covers Duke's total obligation for (i) all claims by Class Members, (ii) all fees and costs of Class Counsel as ordered by the Court, (iii) any service payment to Professor Binotti, and (iv) all costs of Class Notice, Claims Administration, and taxes. Under no circumstances shall Duke be required to pay more than the Settlement Payment with respect to any liability arising out of the Litigation and/or the Settlement.

3.      The Settlement Payment is non-reversionary to Duke except in the event that the Settlement (i) is not approved by the Court or on appeal; (ii) is terminated in Duke's sole discretion pursuant to the provisions described in Section II.E.3; or (iii) fails to become effective for any reason.

4.      Within 15 business days after Preliminary Approval, Duke shall remit (or cause to be remitted) $100,000 to the Settlement Fund to cover the anticipated cost of notice, so that notice of the proposed Settlement may be generated and disseminated to the Class in accordance with the Court's Order granting Preliminary Approval. This amount shall be an offset against the total Settlement Payment and nonrefundable regardless of the future disposition of the proposed Settlement.

5.      No later than 30 calendar days after entry of the Court's order granting final approval, Duke shall pay (or shall cause to be paid) the remainder of the Settlement Payment into the Settlement Fund.

6.      The Escrow Agent shall place the Settlement Fund in an escrow account (the "Account") created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended (the "Code"). The Settlement Fund will be invested in instruments secured by the

14

full faith and credit of the United States or an interest bearing or non-interest bearing deposit obligation of Citibank, N.A. insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits and any interest earned (or negative interest) thereon shall become part of (or paid from) the Settlement Fund. Duke shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d) (1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Notice Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(*l*)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Duke and the Notice Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

7.     Duke and Duke's Counsel shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Escrow Agent or Notice Administrator, including but not limited to, liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Settlement Fund and QSF.

15

8.     The Settlement Fund and any payments to Class Members shall not be considered compensation under the terms of any benefits plan or for any purpose except for tax purposes to the extent contemplated by Section IV.B.  Any taxes due as a result of income earned or payments made by the Settlement Fund shall be imposed upon and paid from the Settlement Fund provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be a basis to shift any such tax obligations to Duke or otherwise increase the Settlement Payment.  Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Class Members, less reasonable Attorneys' Fees and Expenses approved by the Court, any Court-approved service award to Professor Binotti, and payment of any and all administrative or other Court-approved expenses associated with the Action or the Settlement.  Duke and Duke's Counsel shall have no liability, obligation or responsibility for any such taxes, Attorneys' Fees and Expenses, interest, service award or administrative or other expenses or for any reporting requirements relating thereto.

9.     Duke's payment of the Settlement Payment to the Escrow Agent shall constitute full and complete satisfaction of its obligations under this Section III and any and all Released Claims.  Following Duke's transfer of the Settlement Payment, Duke and Duke's counsel shall have no liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Settlement Fund.  Duke shall provide the Notice Administrator with the statement required by the applicable United States Treasury regulations.  Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Duke and the Duke Releasees of all claims that are released herein, all Attorneys' Fees and Expenses, the service award to Professor Binotti,

16

and all administrative or other costs and expenses arising out of or related to the Action or the Settlement. Class Members shall not under any circumstances be entitled to any further payment from Duke and the Duke Releasees with respect to the Released Claims, the Action or the Settlement. In the event that the Settlement Agreement becomes final and effective, payment of the Settlement Payment shall fully satisfy any and all Released Claims. Except as provided by Order of the Court, no Class Member shall have any interest in the Settlement Fund or any portion thereof.

## IV. <u>DISTRIBUTION OF SETTLEMENT FUND</u>

### A. <u>Eligibility</u>

1. Any Class Member who does not opt out pursuant to Section II.E shall be deemed eligible for a payment hereunder in accordance with the Plan of Allocation approved by the Court.

2. Any Class Member who does not opt out pursuant to Section II.E is subject to and bound by the releases set forth in Section V.

3. The receipt of settlement payments shall not affect the amount of any contribution to or level of benefits under Duke or UNC's benefit plan.

4. Within a reasonable time period after the Effective Date, and after all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved, the Notice Administrator shall render a determination as to the monetary award that should be paid to each eligible Class Member from the Settlement Fund based on the methodology set forth in the Plan of Allocation as approved by the Court. To the extent that such calculations require additional information from UNC, Duke shall have no

17

obligation to assist Professor Binotti or Class Counsel in obtaining such information from UNC.

5.  The Notice Administrator's determination as to the monetary award that should be paid to each Class Member shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator or other judicial body, including without limitation this Court.  As shall be reflected in the Final Approval Order, Class Counsel and Duke shall have no responsibility, and may not be held liable, for any determination reached by the Notice Administrator.  This Notice Administrator will work with Class Counsel to ensure that Class Member questions will be addressed appropriately.

6.  The Notice Administrator shall reserve $100,000.00 from the Settlement Fund to resolve any Class Member disputes or payment issues ("Dispute Fund") that arise within 180 days of the first date on which distribution of the Settlement Fund is made to Class Members.

7.  The total amount of all monetary awards paid to Class Members, as determined by the Notice Administrator, shall not exceed the net amount of the Settlement Fund after all costs, expenses, service award, Attorneys' Fees and Expenses, and taxes have been paid, and the Dispute Fund has been reserved or fully utilized, provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be a basis to shift any such tax obligations to Duke or otherwise increase the Settlement Payment.

8.  In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court and payment of all costs, expenses, service award, Attorneys' Fees and Expenses, and taxes (including, for example, residue resulting

from Class Members' failure to negotiate checks or the Dispute Fund not having been fully utilized) ("Residue"), the Notice Administrator will (a) take appropriate steps to tender relevant funds to the unclaimed property departments in the states in which Class Members reside, and then (b) determine whether there are sufficient funds remaining to issue an additional distribution to Class Members consistent with the Plan of Allocation. This process will continue until the Notice Administrator determines that there are no longer sufficient funds remaining to issue another distribution to Class Members (in no event may the Notice Administrator so determine if there is $300,000 or more remaining in the Settlement Fund). The remainder, if any, will be distributed *cy pres* to the American Antitrust Institute.

B.   **Settlement Fund Distribution Procedures**

1.   **Allocation**

a.   The Parties agree that the Settlement Payment is a lump-sum payment by or on behalf of Duke to settle the Action that is made without any admission of liability or damages and is inclusive of any fee award. For purposes of efficient administration of the Settlement Fund, and subject to court approval, Settlement Fund payments from the Net Settlement Fund to Class Members shall be allocated one-third to wages and two-thirds to interest. The Plaintiff represents that no portion of the Settlement Fund is attributable to government penalties or fines.

2.   **Payment of Federal, State and Local Taxes**

a.   Payments to Professor Binotti and other Class Members from the Account will be subject to applicable tax withholding and reporting requirements and shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and applicable FICA and Medicare taxes.

19

b.     The Notice Administrator, as administrator of the QSF, and on behalf of the QSF, is expected to and shall carry out all the duties and obligations of the QSF in accordance with the Code and Treasury Regulations and all other applicable law, including the income tax reporting obligations of the QSF and in respect of all reporting, withholding and employment taxes and all information reporting requirements with respect thereto.

c.     The Notice Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payable as wages by the QSF to each eligible Class Member and to the United States Internal Revenue Service ("IRS") and to other appropriate taxing authorities (each of the IRS and any such other taxing authority, a "Taxing Authority," and collectively, "Taxing Authorities") on an IRS Form W-2, or any other applicable form. Such amounts shall be subject to applicable employment taxes and withholding taxes, including without limitation FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, as determined by the Claims Administrator as administrator of the QSF making such payments.

d.     The Notice Administrator shall pay from the QSF the employee's and employer's shares of all applicable U.S. federal, state, and local taxes, including without limitation the employer's share of FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, required to be paid by an employee or employer on amounts treated as wages (all such U.S. federal, state and local taxes, collectively the "Payroll Taxes"). Professor Binotti, Class Counsel, Class Members, and the Notice Administrator shall not seek payment for Payroll Taxes from Duke.

e.      If any portion of the Settlement Fund payable by the QSF to each eligible Class Member is determined to be treated as other than wages, the Notice Administrator, as administrator of the QSF, shall report that portion to the Class Member, and all applicable Taxing Authorities, to the extent required by law, under the Class Member's name and U.S. federal taxpayer identification number on IRS Forms 1099, 1042-S, or other applicable forms, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Notice Administrator, as administrator of the QSF making such payments.

f.      The Notice Administrator shall be responsible to satisfy from the Settlement Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes including without limitation FICA, FUTA, and Medicare and any state employment taxes including without limitation SUTA.  The Notice Administrator shall promptly provide to Duke the information and documentation (including copies of applicable IRS and state forms) reasonably requested by Duke with respect to the payment or remittance of such employment and withholding taxes.  The Notice Administrator shall satisfy all federal, state, local, and other reporting requirements (including without limitation any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, together with interest and penalties imposed thereon, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

21

g.      The Notice Administrator shall be responsible for procuring any required tax forms from Class Members prior to making any such payments or distributions.

h.      For avoidance of doubt, Duke, Duke's Counsel, Professor Binotti, and Class Counsel shall have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to any Class Member, or based on the activities and income of the QSF.  In addition, Duke shall have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to Professor Binotti or Class Counsel.  The QSF shall be solely responsible for its tax obligations.  Each Class Member shall be solely responsible for his/her tax obligations.  Class Counsel shall be solely responsible for its tax obligations.

i.      The Named Plaintiff, individually and on behalf of the Class, and Class Counsel and each of them represent and agree that they have not received and/or relied upon any advice and/or representations from Duke or Duke's Counsel as to taxes, including the taxability of the payments received pursuant to this Agreement. Class Counsel represent that neither Professor Binotti nor Class Counsel provided any advice as to the taxability of payments received pursuant to this Agreement.

V.      **RELEASE**

1.      Upon the Effective Date, each Releasor shall release, acquit, forever discharge, and covenant not to sue the Duke Releasees from all claims, demands, judgments, actions, suits, and/or causes of action, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances alleged in the Complaint in the

22

Action or any other purported collusion on competition for employment or any other purported collusion on competition for compensation of, or affecting, Releasor, whether or not alleged in the Complaint in the Action, in each case up to the Effective Date of the Settlement Agreement (the "Released Claims"). For the avoidance of doubt, this agreement shall not be construed to release any claims by a Duke employee, unrelated to the facts, activities, or circumstances alleged in the Complaint in the Action or any other purported collusion on competition for employment or any other purported collusion on competition for compensation, that allege (a) a Duke Releasee breached a contract to pay any specified compensation or royalty owed to that employee pursuant to that contract, or (b) a non-compete agreement between a Duke Releasee and that employee is unenforceable.

2.      For the avoidance of doubt, each Releasor shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor shall further be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

23

3.     The "Duke Releasees" shall mean Duke University and its current and former parents, affiliates, subsidiaries, and governing bodies; predecessors, successors, and assigns; and its current and former principals, officers, directors, trustees, partners, employees, representatives, agents, attorneys, and insurers.

4.     "Releasor" shall mean Professor Binotti and each Class Member; each of their respective current and former heirs, executors, administrators, and assigns; and anyone claiming by or through any of the foregoing.

## VI.     CLASS REPRESENTATIVE SERVICE AWARD

1.     At the Fairness Hearing, Class Counsel shall seek Court approval for a service award to Professor Binotti to compensate her for her contributions to this Action. The proposed service award shall be in addition to any monetary award to Professor Binotti under the Plan of Allocation, and is subject to Court approval.  Such service award shall be paid by the Notice Administrator solely out of the Settlement Fund upon Court approval.

2.     Duke agrees to take no position on such a service award to Professor Binotti.

3.     Any service payment to Professor Binotti shall not be considered compensation under the terms of any benefits plan or for any purpose except to the extent required for tax purposes.  The receipt of a service payment shall not affect the amount of any contribution to or level of benefits under any benefit plan.

## VII.     ATTORNEYS' FEES AND EXPENSES AND ADMINISTRATIVE EXPENSES

### A.     Attorneys' Fees and Expenses

1.     Prior to the deadline for objections to the Settlement pursuant to Section II.D, Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses

24

incurred on behalf of the Class. All Attorneys' Fees and Expenses and any interest due to any counsel (to the extent any interest is awarded) shall be payable solely out of the Settlement Fund in such amounts as the Court orders. Duke Releasees shall have no liability or responsibility for fees, costs, expenses, or interest, including without limitation attorneys' fees, costs, expenses, expert fees and costs or administrative fees or costs.

2.      All Attorneys' Fees and Expenses shall be payable solely out of the Settlement Fund and may be deducted from the Settlement Fund prior to the distribution to Class Members, after entry of an order by the Court approving any Attorneys' Fees and Expenses. The undersigned Class Counsel may withdraw from the Account and allocate amongst Class Counsel the Attorneys' Fees and Expenses so awarded.

3.      Duke shall not oppose Class Counsel's request for Attorneys' Fees or comment on the request unless directed to do so by the Court.

**B.      Costs of Notice and Administration**

1.      All costs of notice and administration shall be paid for solely from the Settlement Fund. Under no circumstances shall Duke or any Duke Releasee be otherwise obligated to pay for costs of Notice or any costs to administer the Settlement.

**VIII.   OTHER CONDITIONS**

**A.      Settlement Does Not Become Effective**

1.      In the event that the Settlement Agreement is terminated, is not finally approved (following the exhaustion of any appellate review) or does not become effective for any reason, judgment is not entered in accordance with this Agreement, or such judgment does not become final, then (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Settlement Fund and interest earned thereon, excluding the payment to the Notice Administrator pursuant to Section III.A.4

25

above, shall be returned to Duke within thirty (30) business days from the date the

Settlement Agreement becomes null and void, and (c) any release pursuant to Section V

herein shall be of no force or effect.  In such event, the case shall proceed as if no

settlement has been attempted, and the Parties shall be returned to their respective

procedural postures, i.e., *status quo* as of December 16, 2020, so that the Parties may take

such litigation steps that Professor Binotti or Duke otherwise would have been able to take

absent the pendency of this Settlement.  However, any reversal, vacating, or modification

on appeal of (1) any amount of the fees and expenses awarded by the Court to Class

Counsel, or (2) any determination by the Court to award less than the amount requested in

Attorneys' Fees and Expenses or service award to Professor Binotti, shall not give rise to

any right of termination or otherwise serve as a basis for termination of this Settlement

Agreement.

       2.     In the event the Settlement does not become effective, the Parties shall

negotiate and submit for Court approval a case schedule.

       **B.**      **Preservation of Rights**

       1.     The Parties expressly reserve all of their rights, contentions and defenses if

this Settlement does not become final and effective in accordance with the terms of this

Settlement Agreement.  The Parties further agree that this Settlement Agreement, whether

or not it shall become effective pursuant to Section II.F herein, and any and all

negotiations, documents and discussions associated with it shall be without prejudice to the

rights of any party, shall not be deemed or construed to be an admission or evidence of any

violation of any statute or law, or of any liability or wrongdoing by Duke, and shall not be

deemed or construed to be an admission or evidence of the truth of any of the claims or

26

allegations made in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding. The Parties further acknowledge and agree that the negotiations and discussions that led to this Settlement are fully protected from disclosure by Federal Rule of Evidence 408.

### C. <u>Authority to Settle</u>

The undersigned represent and warrant each has authority to enter into this Settlement Agreement on behalf of the party indicated below his or her name.

### D. <u>Binding Effect</u>

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Duke Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Professor Binotti and Class Counsel shall be binding upon all Class Members.

### E. <u>Mistake</u>

In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law. If the Parties, or any of them, should later discover that any fact they relied upon in entering into this Agreement is not true, or that their understanding of the facts or law was incorrect, the Parties shall not be entitled to seek rescission of this Agreement, or otherwise attack the validity of the Agreement, based on any such mistake. This Agreement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

### F. <u>Advice of Counsel</u>

Except as set forth in this Agreement, the Parties represent and warrant that they have not relied upon or been induced by any representation, statement or disclosure of the other Parties or their attorneys or agents, but have relied upon their own knowledge and

27

judgment and upon the advice and representation of their own counsel in entering into this Agreement. Each Party warrants to the other Parties that it has carefully read this Agreement, knows its contents, and has freely executed it. Each Party, by execution of this Agreement, represents that it has been represented by independent counsel of its choice throughout all negotiations preceding the execution of this Agreement.

G.      **Integrated Agreement**

This Settlement Agreement, including exhibits, contains the entire, complete, and integrated statement of each and every term and provision of the Settlement Agreement agreed to by and among the Parties. This Settlement Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

H.      **Headings**

The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

I.      **No Drafting Presumption**

All counsel to all Parties hereto have materially participated in the drafting of this Settlement Agreement. No party hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

J.      **Consent to Jurisdiction and Choice of Exclusive Forum**

Any and all disputes arising from or related to the Settlement, the Settlement Agreement, or distribution of the Settlement Fund, including Attorneys' Fees and

28

Expenses must be brought by a Duke Releasee, Professor Binotti, and/or each member of the Class, exclusively in the Court, except as expressly provided for in Section II.E. Duke Releasees, Professor Binotti, and each member of the Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, except as expressly provided for in Section II.E.

**K.**     <u>**Enforcement of Settlement**</u>

Nothing in this Settlement Agreement prevents any Duke Releasee from enforcing or asserting any release herein. Notwithstanding any other provision of this Settlement Agreement, this Settlement Agreement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted by Professor Binotti or any Class Member with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

**L.**     <u>**Severability**</u>

In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Duke's Counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

**M.**     <u>**No Admission**</u>

This Settlement shall not be construed or deemed an admission of liability or wrongdoing on the part of any of the Defendant, who has denied, and continue to deny that

29

it engaged in any wrongdoing of any kind, or violated any law or regulation, or breached any duty owed to Professor Binotti or Class Members. Duke further denies that it is liable to, or owes any form of compensation or damages to, anyone with respect to the alleged facts or causes of action asserted in the Action. Duke does not, by entering into this Settlement Agreement, admit it has caused any damage or injury to any Class Member as a result of the facts alleged or asserted in the Action and does not admit that Professor Binotti's calculations or methods of calculations of alleged damages are accurate or appropriate.

### N. Execution in Counterparts

This Settlement Agreement may be executed in counterparts. Facsimile or PDF signatures shall be considered as valid signatures as of the date they bear.

### O. Appeals

The proposed order and final judgment shall provide that any Class Member that wishes to appeal the Court's Final Approval Order and Final Judgment, which appeal will delay the distribution of the Settlement Fund to the Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

### P. Calculation of Time

To the extent that any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the conventions contained in Rule 6 of the Federal Rules of Civil Procedure.

### Q. Representations to the Court About Settlement Negotiations

The Parties confirm, and shall so represent to the Court, that these settlement negotiations were arm's-length and facilitated through the aid of mediator Jonathan Harkavy, that there was no discussion of attorneys' fees prior to negotiating the Settlement,

30

and that there are no commitments between the Parties beyond what is in the Settlement. Class Counsel and Duke's Counsel agree this Settlement is beneficial to the Class and shall not represent otherwise to the Court.

### R.     No Assignment

Class Counsel and Named Plaintiff represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any Class Member.

Case 1:20-cv-00470-CCE-JLW   Document 41-1   Filed 03/26/21   Page 32 of 51

**S.    Choice of Law Provision**

All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of North Carolina without regard to its choice of law or conflict of law principles.

IN WITNESS WHEREOF, the Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**ACCEPTED AND AGREED:**

Dated: March 26, 2021

On behalf of Plaintiff Professor Binotti and the Class

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Dated: March 25, 2021

On behalf of Duke University

Name: Pamela J. Bernard

Title:   Vice President & General Counsel

Date:   March 25, 2021

32

# Exhibit A

# Duke and UNC Faculty:
# You could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Duke has agreed to pay $19 million to resolve claims of a class of faculty who held an academic appointment at Duke or UNC in any department (except the Schools of Medicine) from October 1, 2001 to February 5, 2018.

- The settlement resolves a class action lawsuit alleging that Duke and UNC agreed not to hire, recruit, or poach one another's faculty, in violation of state and federal antitrust laws. Duke denies any and all alleged wrongdoing.

- The settlement avoids the costs and risks of continuing the lawsuit (such as going to trial, losing, and getting nothing); pays money to faculty members like you; and releases your claims against Duke University and its affiliates, including Duke University Health System (collectively "Duke" or "Duke University").

- Court-appointed lawyers will ask the Court to reimburse them for the approximately $110,000 in costs they have already expended in pursuing your claims, and for up to a quarter of the settlement amount as fees for investigating the facts and litigating the case. Plaintiff Dr. Lucia Binotti will ask the Court for up to $65,000 as a service award for bringing this case on behalf of Class members such as yourself.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain in the Class, release your claims, and receive your share of the settlement in the form of a cash payment mailed to you. |

**Questions? Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

1

| EXCLUDE YOURSELF | Get no payment, exclude yourself from the Class, and preserve your ability to file suit over the claims at issue in this action in your individual capacity and at your own expense. |
|---|---|
| OBJECT | You have a right to argue to the Court that the settlement should not be approved. |
| GO TO A HEARING | Ask to speak in Court about the settlement. |

**Questions?  Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

2

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ...................................................................................................**5**

    1.   Why did I get this Notice? .................................................................5

    2.   What is this lawsuit about? ................................................................5

    3.   Why is this a class action, and who is involved? ..............................5

    4.   Why is there a settlement? ................................................................6

**WHO IS IN THE CLASS ACTION LAWSUIT?** ................................................**6**

    5.   How do I know if I am part of the settlement? ...................................6

    6.   I'm still not sure if I am included .......................................................7

    7.   Does it make a difference whether I worked for Duke or for UNC? ................7

    8.   What does the settlement provide? ....................................................7

    9.   How much will my payment be? ........................................................7

**HOW YOU GET A PAYMENT** ..........................................................................**8**

    10.  How can I get a payment? ..................................................................8

    11.  When will I get my payment? ............................................................8

    12.  What am I giving up as part of the settlement? ..................................9

**EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT** ........................**9**

    13.  How do I exclude myself from the Class and the Settlement? .........9

    14.  If I don't exclude myself, can I sue Duke for the same thing later? ...............10

    15.  If I exclude myself, can I get money from this case? .....................10

**THE LAWYERS REPRESENTING YOU** ............................................................**10**

    16.  Who represents me in this case? ......................................................10

    17.  Should I get my own lawyer? ..........................................................11

    18.  How will the lawyers be paid? ........................................................11

**OBJECTING TO THE SETTLEMENT** ..............................................................**12**

    19.  Can I object to the settlement? ........................................................12

    20.  What's the difference between objecting and excluding? .................12

**THE COURT'S FAIRNESS HEARING** ............................................................**12**

    21.  When and where will the Court decide whether to approve the settlement? ..........13

    22.  Do I have to come to the hearing? ...................................................13

    23.  May I speak at the hearing? .............................................................13

**IF YOU DO NOTHING** ...................................................................................**13**

    24.  What happens if I do nothing at all? ................................................13

**Questions?  Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

3

**GETTING MORE INFORMATION**.................................................................................**14**

    25.   Are more details about the lawsuit available? ................................14

    26.   How do I get more information?......................................................14

**Questions?  Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

4

## BASIC INFORMATION

| 1. Why did I get this Notice? |
|---|

You have received this Notice because Duke or UNC's records show that you may have been a faculty member with an academic appointment at Duke or UNC from October 1, 2001 to February 5, 2018.

**The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.**

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Middle District of North Carolina, and the case is known as *Binotti v. Duke University, et al.*, Case No. 1:20-cv-470. The individual who sued is called the Plaintiff and the entity they sued, Duke University, is called the Defendant.

| 2. What is this lawsuit about? |
|---|

The lawsuit claims that Duke and UNC agreed not to hire or recruit each other's faculty in violation of federal and state antitrust laws. Duke denies that it violated any laws or engaged in any wrongdoing.

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at: [www.dukeuncemployeesettlement.com].

| 3. Why is this a class action, and who is involved? |
|---|

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" (in this case, Dr. Lucia Binotti) sue on behalf of other

**Questions? Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

5

people who have similar claims. All these people are a "Class" or "Class Members." A court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Catherine C. Eagles is in charge of this class action.

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of Plaintiff Dr. Binotti, the Class, or Duke. Both sides decided to settle this case, in order to avoid the risks to both sides and the costs of continued litigation, while guaranteeing compensation to Class Members. Plaintiff Dr. Binotti and her attorneys think the settlement is preferable to the risks and further costs of continuing the litigation.

### WHO IS IN THE CLASS ACTION LAWSUIT?

| 5. | How do I know if I am part of the settlement? |
|---|---|

Everyone who fits this description is a Class Member:

All natural persons employed by Duke University or the University of North Carolina, Chapel Hill from October 1, 2001 through February 5, 2018, as a faculty member. Excluded from the Class are: members of the boards of directors and boards of trustees, boards of governors, senior administrators of Duke and UNC, and faculty with an academic appointment at the School of Medicine; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

You are a class member covered by this Settlement if you fall under the definition above and have not excluded yourself from the Class.

Questions? Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]

6

Case 1:20-cv-00470-CCE-JLW   Document 41-1   Filed 03/26/21   Page 40 of 51

| 6. | I'm still not sure if I am included. |
|---|---|

If you received this Notice mailed to you, it is because you were listed as a potential Class Member. If you are still not sure whether you are included, you can ask for free help. You can call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com for more information.

| 7. | Does it make a difference whether I worked for Duke or for UNC? |
|---|---|

No. As long as you fall within the definition of the class in Question 5 above, you can receive money from the settlement with Duke, regardless of whether you worked for Duke, UNC, or both.

| 8. | What does the settlement provide? |
|---|---|

Duke has agreed to pay $19 million into a Settlement Fund to be divided among all Class Members, after costs and attorney fees have been deducted.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on how much compensation you received from Duke and/or UNC while employed in a Class Position during the Class Period, in comparison to other Class Members.

Here's how it works. The Settlement Administrator will first calculate the Net Settlement Fund amount by subtracting any court-approved award of attorneys' fees and costs, service award, settlement administrators' costs, and a reserve fund of $100,000 for dispute resolution from the total Settlement Fund of $19 million. The Net Settlement Fund amount will be shared by all Class Members, with each Class Member's share calculated by multiplying the Net Settlement Fund by the following ratio:

**Questions? Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

7

$$(\text{Net Settlement Fund Amount}) \ x \ \frac{(\text{Your Eligible Duke/UNC Compensation During Class Period})}{(\text{Sum of All Class Members' Eligible Duke/UNC Compensation During Class Period})}$$

The Settlement Administrator will then issue checks according to this formula, after tax withholdings. This formula accounts for the fact that Class Members who worked longer or had higher compensation were, proportionally, allegedly harmed more than those who worked for a shorter period of time or had lower compensation.

After reduction of attorneys' fees and the other costs described above, the average amount each Class Member will receive is approximately $[_____]. Of course, your individual amount will vary based on your income in relation to other Class Members, based on the formula above.

### HOW YOU GET A PAYMENT

| **10. How can I get a payment?** |
|---|

You will automatically receive a payment. Duke and UNC will provide the Notice Administrator with your most recent address to mail you a check. If you would like to confirm that the correct address is on file, you may call the Administrator at (1-800-000-0000).

| **11. When will I get my payment?** |
|---|

The Court will hold a hearing on [Date], to decide whether to approve the settlement. If Judge Eagles approves the settlement and that approval becomes final, the Settlement Administrator will be directed to send payments promptly. You may check the website (www.dukeuncemployeesettlement.com) or call for updates or questions (1-800-000-0000).

**Questions? Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

8

## 12. What am I giving up as part of the settlement?

Unless you exclude yourself, in exchange for receiving a payment under the settlement, you will not be able to sue, continue to sue, or be part of any other lawsuit against Duke University regarding the subjects that are released in Paragraph [X], Section [Y] of the Settlement Agreement (available at [webpage]).

For avoidance of doubt, the settlement does not release any other claim you may have in connection with any employment relationship with Duke University as long as the claim is unrelated to the subjects that are released above. For instance, unrelated claims that you may have relating to employment discrimination, ERISA, personal or bodily injury, unlawful or unpaid overtime, breach of contract involving failure to pay compensation or royalties, or the enforceability of individual covenants not to compete, are not released.

### EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Duke University or Duke University Health System, on your own and at your own expense, about the legal issues in this case, then you must take steps to exclude yourself, see below.

## 13. How do I exclude myself from the Class and the Settlement?

To exclude yourself from the Class and the settlement, you must send a letter by mail saying that you want to be excluded from *Binotti v. Duke University*. Be sure to include your name, address, telephone number, signature, approximate dates of employment at UNC and/or Duke, and a statement that you wish to be excluded from the settlement. You must mail or e-mail your exclusion request postmarked no later than [DATE] to:

Duke-UNC Settlement Exclusions
c/o Rust Consulting, Inc - 6605
P.O. Box 54
Minneapolis, MN 55440-0054

**Questions? Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

9

Email Address

You cannot exclude yourself (opt out) by telephone. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Duke for the allegations in this case in the future.

**14. If I don't exclude myself, can I sue Duke for the same thing later?**

No. If you are a Class Member, unless you exclude yourself, you give up the right to sue Duke for the claims that this settlement resolves. If you have a pending lawsuit regarding the claims at issue in this case, speak to your lawyer immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is [DATE].

**15. If I exclude myself, can I get money from this case?**

No. If you exclude yourself, you will not receive money from this Settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Duke.

### THE LAWYERS REPRESENTING YOU

**16. Who represents me in this case?**

The Court appointed the following law firms as Class Counsel to represent the Class:

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
Contact: Dean Harvey
dharvey@lchb.com

ELLIOT MORGAN PARSONAGE, PLLC
426 Old Salem Road
Brickenstein-Leinbach House
Winston-Salem, NC 27101
(336) 724-2828
Contact: Robert (Hoppy) Elliot

**Questions?  Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

10

[rmelliot@emplawfirm.com](mailto:rmelliot@emplawfirm.com)

EDELSTEIN & PAYNE
315 East Jones Street
Raleigh, NC 27601
(919) 828-1456
Contact: M. Travis Payne
[eandp@mindspring.com](mailto:eandp@mindspring.com)

These law firms are called "Class Counsel."  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17.  Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf.  If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services.  For example, you may ask your lawyer to appear in Court for you.  You may also appear for yourself without a lawyer.

## 18.  How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to a quarter of the Settlement Fund to them for attorneys' fees, approximately $110,000 in expenses Class Counsel already incurred in prosecuting your claims, and payment of $65,000 to Dr. Binotti for her services as Class Representative in this case.  The fees would pay Class Counsel for investigating the facts and litigating the case.  The Court may award less than these amounts.  Duke University has agreed not to oppose these fees and expenses.

Questions?  Call [**1-800-000-0000**] or visit [**www.dukeuncemployeesettlement.com**]

11

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 19.   Can I object to the settlement? |
|---|

Yes.  If you are a Class Member, you can object to the settlement if you do not think it should be approved.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying so.  Be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement.  You must also include a list of any objections you (or your attorney) have made to any class action settlements submitted to any court in the United States in the previous five years. Mail the objection to the following address, postmarked no later than [DATE]:

Duke Settlement Objections
P.O. Box 0000
City, ST 00000-0000

| 20.   What's the difference between objecting and excluding? |
|---|

Objecting is simply telling the Court that you don't like the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you, and you will not receive any payment from the settlement.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak if you submit a written objection, but you don't have to.

**Questions?  Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

12

**21. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at [TIME] on [DATE], likely via video conference. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Eagles will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**22. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Eagles may have. But, you are welcome to come. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but it is not necessary.

**23. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing if you submitted a written objection and included with your objection a written statement of your intent to appear at the hearing.

### IF YOU DO NOTHING

**24. What happens if I do nothing at all?**

If you do nothing, you will automatically receive any payment to which you are entitled under the settlement and will release your claims against Duke. Duke and UNC will provide the Notice Administrator with your most recent address to mail you a check. If you would like to confirm that the correct address is on file, you may call the Administrator at (1-800-000-0000).

**Questions? Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

13

| 25. Are more details about the lawsuit available? |
|---|

Yes.  This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by visiting www.dukeuncemployeesettlement.com.

| 26. How do I get more information? |
|---|

You can call [HOTLINE]; write to the notice administrator, [_____]; or visit www.dukeuncemployeesettlement.com, where you will find answers to common questions about the settlement and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You may also contact Class Counsel with questions (see contact information in Question 13, above).  You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

PLEASE DO NOT CONTACT THE COURT.  YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE ABOUT THIS NOTICE OR THE SETTLEMENT TO THE NOTICE ADMINISTRATOR AND/OR TO CLASS COUNSEL.

**Questions?  Call [1-800-000-0000] or visit [www.dukeuncemployeesettlement.com]**

14

# Exhibit B

## PLAN OF ALLOCATION

Class Members will be eligible to receive a share of the Settlement Fund net of all applicable reductions based on a formula using a Class Member's total compensation paid on the basis of employment in a "Class Position" within the "Class Period" as set forth in the Class definition.  In other words, each Class Member's share of the net Settlement Fund is a fraction, with the Class Member's total compensation paid on the basis of employment in a Class Position during the Class Period as the numerator and the total compensation paid to all Class Members on the basis of employment in a Class Position during the Class Period as the denominator:

$$\frac{\text{(Your Eligible Duke/UNC Compensation During Class Period)}}{\text{(Sum of All Class Members' Eligible Duke/UNC Compensation During Class Period)}}$$

Each Class Member's fractional amount shall be multiplied against the Settlement Fund net of court-approved costs, service award, and attorneys' fees and expenses, and the Dispute Fund.

The total compensation, dates of employment, and whether a potential Class Member held a Class Position will be derived from Duke and UNC's data and determined by the Notice Administrator and will not be subject to challenge by Class Members.  To the extent that such calculations require additional information from UNC, Duke shall have no obligation to assist Dr. Binotti or Class Counsel in obtaining such information from UNC.

Payments to Class Members shall not be made until the Effective Date has passed and all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved.