IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUCIA BINOTTI, individually and on
behalf of all others similarly situated

    Plaintiff

  v.

DUKE UNIVERSITY

    Defendants.

1:20-CV-470

**ORDER GRANTING PLAINTIFF LUCIA BINOTTI'S MOTION TO MODIFY
CLASS NOTICE AND SETTLEMENT SCHEDULE**

This matter is before the Court upon the oral motion of Plaintiff Lucia Binotti to modify the Court-approved class notice and settlement schedule, made at a hearing on June 8, 2021, at which all parties appeared through counsel. Based on the argument of counsel, without objection by Duke, and for the reasons explained below and on the record, the Court hereby **GRANTS** Plaintiff's motion.

**I.**     **Background**

Plaintiff Binotti filed an Unopposed Motion to Direct Notice to the Class of Proposed Class Action Settlement on March 26, 2021. *See* Doc. 39. Dr. Binotti estimated that the Class size was approximately 6,140 individuals and that each Class member's estimated gross recovery under the proposed settlement was approximately $3,095. Doc. 40 at 17-18. The Court granted Plaintiff's motion on April 22, 2021, finding that the Court was likely to find the proposed settlement fair, reasonable, and adequate, and ordered the parties to take steps necessary to effectuate notice to the Class

of the proposed settlement. Doc. 55.

At the June 8, 2021 status conference, the parties advised the Court that Duke and UNC had produced contact information and preliminary compensation data for the Class to the Settlement Administrator. The produced data included approximately 15,790 individuals, more than the 6,140 initially projected by the parties. The parties thereafter met and conferred about the discrepancy and determined that approximately 10,550 of these individuals held non-regular faculty positions, such as adjunct or visiting professors who generally worked very short periods of time and received very small compensation amounts. Dr. Binotti provided the following information to the Court about the Class's compensation based on the newly-produced data. There were 5,239 "regular rank faculty" in the class (*i.e.*, generally those who worked full-time on tenure track positions), who, together, earned 88.4% of all class compensation. Their revised estimated average gross recovery is $3,207 per person. Additionally, there were 10,550 "non-regular rank faculty" (*i.e.*, generally those who worked in adjunct or visiting professor roles, or other non-tenure track positions) who, together, earned 11.6% of all class compensation, with an average individual recovery of approximately $208 per person.

Based on this additional information, the parties proposed that the Court modify the language of the Class notice to provide separate figures for the average recovery of regular rank versus non-regular rank faculty, so that class members can better understand what they stand to recover under the proposed settlement based on their classification. Specifically, the previously approved notice language reads: "After reduction of attorneys' fees and the other costs described above, the average amount each Class

2

Member will receive is approximately [$____]." Doc. 41-1 at 42. The parties propose that the second clause be modified to read: "the average amount that each Class Member will receive is approximately [$____] for regular rank faculty and [$____] for non-regular rank faculty positions (*e.g.*, adjuncts, visitors, etc.)."

So that the Settlement Administrator has adequate time to deal with data processing issues and to implement the revised notice, the parties also request an extension to the notice and settlement schedule, as described below.

Finally, Dr. Binotti and Duke informed the Court that, in addition to the class members discussed above, Duke identified approximately 1,133 individuals who are faculty emeriti or who held honorary titles but received no compensation during the class period. UNC did not identify any such persons. After the hearing, the parties informed the Court that they agreed that, because these individuals received no compensation from Duke or UNC, they could not have suffered antitrust injury or harm in the form of suppressed wages as a result of the alleged conspiracy. As a result, the parties request that the Court clarify that these individuals are not members of the Class.

## II. Discussion

The Court agrees that the proposed changes are appropriate.

Although the class size is larger than projected, this does not alter the Court's conclusion that the proposed settlement is likely to be approved as fair, reasonable, and adequate after class members have had an opportunity to comment. Doc. 55 at 11-12. Regular rank faculty, who worked the longest and were paid the most, and thus suffered the most harm under Dr. Binotti's theory, will receive an average gross recovery of

3

$3,207 per person—higher than initially projected. Non-regular rank faculty, who worked short periods of time and were paid much less and thus suffered less harm under Dr. Binotti's theory, will still receive an average gross recovery of $208.[1] The distinction is based solely on a straightforward application of the same allocation formula to all class members: people who worked longer and earned more will recover more under the settlement. This analysis confirms the Court's tentative conclusion that the $19 million monetary recovery "is a strong result for the class." Doc. 55 at 11.

The Court agrees that modifying the class notice to reflect the updated estimated recovery for regular rank and non-regular rank faculty will better apprise class members of their rights under the settlement. The parties' proposed modification to the class notice is approved.

The Court also agrees that unpaid faculty, of whom there are approximately 1,133 individuals, are not members of the Class. They held unpaid positions and received no compensation from Duke or UNC, so they could not have suffered antitrust injury under Dr. Binotti's theory of harm: wage suppression. To avoid doubt, the proposed settlement class definition is modified as follows to specify that unpaid faculty are excluded:

---

[1] The Court's prior order noted that the average net recovery per class member, after deduction of amounts requested, estimated, or expected for attorney's fees, costs, service award for Dr. Binotti, notice and settlement administrative costs, and the reserve fund for dispute resolution, was expected to be $2,259.77 per person. Doc. 55 at 11 n.1. Using the same calculation method as before and applying it to the information in the newly-produced datasets and counsel's estimate that regular faculty earned 88.4% of all class compensation and non-regular faculty earned 11.6%, the revised estimated average net allocation is $2,341.19 for regular faculty and $152.54 for non-regular faculty.

4

All natural persons employed by Duke University or the University of North Carolina, Chapel Hill from October 1, 2001 through February 5, 2018, as a faculty member. Excluded from the Class are: members of the boards of directors and boards of trustees, boards of governors, senior administrators of Duke and UNC, **unpaid faculty**, and faculty with an academic appointment at the School of Medicine; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

The notice to the Class shall be revised accordingly.

Finally, the Court agrees that, in light of these changes, the settlement schedule should be adjusted. Accordingly, the Court hereby **VACATES** any remaining deadlines from the Court's April 22, 2021 order, Doc. 55, and **ORDERS** the following schedule for implementation of the notice program and final approval of the settlement:

| Event | Prior Deadline | Revised Deadline |
|---|---|---|
| Notice Mailing | Thursday, June 10, 2021 | 14 days from this order |
| Attorney's Fee and Service Award Motion(s) | Thursday June 24, 2021 | 14 days after Notice Mailing |
| Notice Administrator's Affidavit of Compliance | Tuesday, July 6, 2021 | 26 days after Notice Mailing |
| Opt-Out/Objection Postmark Deadline | Saturday, July 10, 2021 | 30 days after Notice Mailing |
| Final Approval Motion | Thursday July 15, 2021 | 35 days after Notice Mailing |
| Supplemental Data | Wednesday, July 21, 2021 | 41 days after Notice Mailing |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs, and Dr. Binotti's Service Award | Thursday July 29, 2021 | Wednesday, August 18, 2021 |
| Final Approval Hearing | Thursday, August 5, 2021 | Wednesday, August 25, 2021 at 3:30 pm |

**SO ORDERED**, this the 14th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE